IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REACH MEDIA GROUP, LLC,

   Plaintiff,

    v.

CHRIS COULTHRUST, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-1220-TWT

OPINION AND ORDER

     This dispute concerns a software platform that generates leads on the internet. The Defendants contend the dispute is governed by a licensing agreement for the platform. Importantly, that agreement includes a forum selection clause mandating suit in the Eastern District of New York. In response to the Defendants' motion to dismiss for lack of personal jurisdiction or to transfer, the Plaintiff consented to transferring this case to the Eastern District of New York. Accordingly, the case should be transferred.

I. Background

     The Defendants seek dismissal under 12(b)(2) and (3) and alternatively move to transfer the case pursuant to a forum selection clause. The forum selection clause is located in a Master Services Subscription Agreement ("MSSA") by which the

Plaintiff licensed a lead generation technology platform from Defendant Applied Cognetics, LLC. (Def.'s First Mot. to Dismiss, Ex. 1, at 1). The MSSA provides that:

> This Agreement shall be governed by New York law and controlling United States federal law, without regard to the choice or conflicts of law provisions of any jurisdiction, and any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the [software platform] shall be subject to the exclusive jurisdiction of the state and federal courts located in Brooklyn, New York.

(Id. at 4, ¶ 22). As noted, in response to the Defendants' motion to dismiss for lack of personal jurisdiction, the Plaintiff stated it would consent to transferring the case to the Eastern District of New York pursuant to the MSSA. Specifically, the Plaintiff stated:

> Plaintiff contends that personal jurisdiction over each Defendant exists here in the Northern District of Georgia and that venue is properly found here. Yet, in light of Plaintiff's request for leave to file an Amended Complaint which adds a claim for declaratory judgment that a long since terminated agreement between the parties has in fact been terminated, Plaintiff consents to the transfer of venue since the agreements at issue anticipated litigation in the Eastern District of New York. Accordingly, this Court should grant this relief and transfer this action.

(Pl.'s Consolidated Resp. to Defs.' Mots. to Dismiss, at 3).[1]

II. Discussion

---

[1] While the Plaintiff states that only its potential new claim for declaratory relief concerns the MSSA, the Defendants argue that all of the claims in the Plaintiff's complaint "arise out of" or are "in connection with" the agreement. Because the Plaintiff consents to the enforcement of the forum selection clause, the Court need not determine whether all the claims in the complaint are sufficiently related to the MSSA.

"Forum selection clauses in contracts are enforceable in federal courts." P&S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). "The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute." Id. (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)). Here, the Plaintiff does not oppose enforcement of the forum selection clause contained in the MSSA. Accordingly, this action should be transferred to the Eastern District of New York under 28 U.S.C. § 1404(a). See Atlantic Marine Constr. Co. v. United States Dist. Court for the Western Dist. of Tex., No. 12-929, slip. op. at 1, 571 U.S. ___ (Dec. 3, 2013) ("a forum-selection clause may be enforced by a motion to transfer under § 1404(a) (2006 ed., Supp. V), which provides that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'").

The Defendants have also filed a motion to dismiss on the merits, and the Plaintiff has filed a motion to amend its complaint to add new claims. However, the Plaintiff did not respond to the Defendants' arguments that they are not subject to personal jurisdiction in Georgia. Because the Court cannot conclude that it has

personal jurisdiction over the Defendants, it will not rule on the motions to dismiss and amend.  See Thompson v. Greyhound Lines, Inc., No. 12-0576-WS-B, 2012 WL 6213792, at *1 (S.D. Ala. Dec. 13, 2012) (noting that challenges to personal jurisdiction and venue should be resolved before considering a Rule 12(b)(6) motion).  In any event, these motions are better handled by the transferee court overseeing the remainder of the case.

### III.  Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss, or Alternatively, Motion to Transfer Case to the Eastern District of New York [Doc. 5] is GRANTED.  This case is TRANSFERRED to the Eastern District of New York.  The Court declines to rule on Defendants' Motion to Dismiss for Failure to State a Claim [Doc. 6] and the Plaintiff's First Motion to Amend Complaint [Doc. 9].

SO ORDERED, this 6 day of December, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge